UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHEL THOMAS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-02997 |
| | § | |
| AMAZON, *et al.*, | § | |
|     Defendants. | § | |

## DEFENDANTS' RULES 12(b)(4) AND (6) MOTION TO DISMISS

Defendants Amazon.com Services LLC ("Amazon LLC"),[1] Amazon Human Resources Department ("Amazon HR"), Amazon Leave of Absence Department ("Amazon LAD"), Amazon.com, Inc. ("Amazon Inc."), the Amazon TX Care Employee ("Amazon TX Care"),  Michael J. Barber, Jeff Bezos, Jay Carney, the Injury Benefit Plan (the "Plan"), the Plan Administrator (the "Administrator"), and the Fiduciary (collectively, "Defendants") file this Motion to Dismiss Plaintiff Michel Thomas's claims pursuant to Federal Rules of Civil Procedure 12(b)(4) and (6). In support thereof, Defendants respectfully show as follows:

---

[1] Incorrectly named "Amazon" in the Complaint.

## INTRODUCTION

Plaintiff filed this lawsuit suing numerous defendants and alleging a claim for breach of contract, as well as a litany of allegations under the Family and Medical Leave Act (the "FMLA"). Yet, the claim missing from Plaintiff's lawsuit is the only critical one— an Employee Retirement Income Security Act ("ERISA") claim. All of Plaintiff's allegations relate solely to the alleged mismanagement of Amazon LLC's employee-benefit ERISA plan as it applies to Plaintiff. Such allegations may only be pleaded as an ERISA claim and, as such, all of Plaintiff's claims are preempted by ERISA. For this reason, all of Plaintiff's claims must be dismissed and re-plead under ERISA.

To complicate matters, Plaintiff sued numerous defendants which are not legal entities or are persons without any relation to this case. Plaintiff then failed to serve Defendants in compliance with Federal Rule of Civil Procedure 4. As Plaintiff failed to properly serve Defendants and does not plead a claim against any defendant upon which relief can be granted, Defendants move to dismiss the lawsuit under Federal Rules of Civil Procedure 12(b)(4) and (6).

## FACTUAL BACKGROUND

Plaintiff filed this lawsuit on September 15, 2021, against no less than ten defendants. (Dkt. No. 1). Plaintiff alleges violations of the FMLA during his employment with "Amazon." *Id.* at 1. Due to the nature of Plaintiff's shotgun pleading, it is important to distinguish between the various Defendants.

### A. Untangling the Defendants.

During the period described in the Complaint, Amazon LLC employed Plaintiff. Amazon HR and Amazon LAD are not separate legal entities, but rather departments and functions of Amazon LLC.

Similarly, the Plan and the Plan Administrator are not separate legal entities. Instead, for the benefit of its employees, Amazon LLC created an injury benefit plan which Amazon LLC administers. Plaintiff also filed suit against an unnamed "TXCARE" employee. (Dkt. No. 1 at 1). Plaintiff is likely referencing Amazon LLC's Injury Benefit Plan, which Amazon LLC calls "TX Care." By its terms, TX Care is an ERISA plan. Ex. 1 at 18–19.

Concerning Defendants, Plaintiff admits that most of them are duplicates: "Amazon Human Resource Department, Amazon Leave of Absence Department, and Amazon TXCARE Employee Benefit Plan is Amazon, they are all Amazon in which Amazon is responsible and is all of them." (Dkt. No. 26 at 3–4). Similarly, Plaintiff claims Defendants "Anchor Risk Management, The Plan Administrator, and [the] Fiduciary are one and the same." *Id* at 3.

Concerning the remaining Defendants, Amazon Inc. is the parent company of Amazon LLC.  (Dkt. No. 9). The Complaint also fails to allege any fact implicating Defendants Jeff Bezos, Jay Carney, and Michal J. Barger to this case. (*See* Dkt. No. 1).

### B.  Plaintiff Fails to Serve Defendants with Sufficient Summonses.

After Plaintiff filed the suit, Plaintiff failed to file evidence demonstrating that he served Defendants in compliance with Federal Rule of Civil Procedure 4(l). On December 9, 2021, the Court ordered Plaintiff to serve Defendants by December 15, 2021. (Dkt. No. 7). Except for Amazon LLC and Defendant Anchor Risk Management, Plaintiff failed to provide evidence of service to the Court by December 15. Consequently, the Court ordered Plaintiff to show cause as to why he had not served Defendants. (Dkt. No. 13).

Plaintiff responded to the show cause order alleging he served Defendants on December 9, 2021. (Dkt. No. 28). Plaintiff also filed proofs of service and summonses for Defendants. (Dkt. Nos. 16–26). Factually, the returns of service are suspect. For instance, although allegedly served on December 9, the process server did not sign and date the proofs of service until over a month later. *See id.* The proofs of service also contain factual errors—mixing the Defendants' names on the same pages. *Id.* Legally, the summonses are insufficient under Rule 4 because they do not contain the Clerk of Court's signature or seal. *See id.* Plaintiff admits that the Clerk did not sign or seal the summonses as required by Rule 4. (Dkt. No. 29 at 1–2) ("[T]hat Jerk of a Clerk refused to seal[ ] them properly . . . . The clerk refused to seal[ ] them and stamp and sign[ ] them properly as the Court can see from the proof of services being filed.").

## LEGAL STANDARD

### A. Rule 12(b)(6): Failure to State a Claim Upon Which Relief Can Be Granted.

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must also include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 12(b)(6) enables a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). A court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted). The court must then determine whether the complaint states a claim for relief that is plausible on its face. *Id.* (citation omitted). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). "But where the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (alteration in original).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, a court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, a court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quotation omitted). The evaluation is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). In summary, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

## B.  Rule 12(b)(4): Insufficient Process.

Federal Rule of Civil Procedure 12(b)(4) enables a party to challenge insufficient process. A Rule 12(b)(4) motion objects to the form of process rather than the method of service. *See Meier v. UHS of Delaware, Inc.*, 4:18-CV-00615, 2019 WL 6465314, at *8 fn.8 (E.D. Tex. Dec. 2, 2019). Relevant to this motion, Federal Rules of Civil Procedure 4(a)(1)(F) and

(G) require any summons to be signed by the court's clerk and to bear the court's seal. It is a plaintiff's responsibility to present a summons to the clerk to obtain the signature and seal. Fed. R. Civ. P. 4(b). When a Rule 12(b)(4) motion is filed, "[t]he plaintiff bears the burden of proof regarding sufficiency of process." *Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 744 (N.D. Tex. 2013) (citations omitted). A Rule 12(b)(4) motion also requires a showing of prejudice or flagrant disregard of the rules to justify dismissal. *Id.* (citations omitted) (discussing prejudice); *Lechner v. Citimortgage, Inc.*, 4:09-CV-302-Y, 2009 WL 2356142, at *1 (N.D. Tex. July 29, 2009) (citation omitted) (discussing flagrant disregard of the rules). District courts enjoy broad discretion in dismissing an action for ineffective service under Rules 12(b)(4). *Henderson v. Republic of Tex.*, 672 F. App'x. 383, 384 (5th Cir. 2016) (citing *George v. U.S. Dep't of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986)).

## ARGUMENTS AND AUTHORITIES

Defendants respectfully request the Court dismiss Plaintiff's claims because (1) Plaintiff fails to state a claim upon which relief can be granted against any defendant and (2) Plaintiff's summonses are deficient.

**A. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted Against Any Defendant.**

**1. Plaintiff's Claims Are Preempted by ERISA.**

Plaintiff first alleges a breach of contract claim against Defendants. (Dkt. No. 1 at 6). When a company covers an employee under a medical and disability plan, the plan constitutes an ERISA plan. *Ritchie v. Grand Casinos of Miss., Inc.*, 49 F. Supp. 2d 878, 881 (S.D. Miss. 1999) (citing 29 U.S.C. § 1144(a)). ERISA "preempts all state law insofar as [it] 'relate[s] to any employee benefit plan covered by the Act.'" *Id.* "State law 'relates to' an ERISA plan 'if it has a connection with or reference to such a plan.'" *Id.* (citing *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983)). As a result, ERISA preempts a plaintiff's breach of contract claim when the claim arises from an employer's denial of the plaintiff's benefits under the plan. *Id.*

Here, Amazon LLC provides the TX Care Plan to employees which, in part, includes medical and disability benefits. Further, the TX Care Plan expressly states it is an ERISA governed benefits plan.  Ex. 1 at 18–19.[2] Consequently, the TX Care plan constitutes an ERISA plan. Plaintiff states he is suing Defendants because they "improperly den[ied] Plaintiff's injury claims and [for] breach of contract." (Dkt. No. 1 at

---

[2] The Court may consider the Plan in its Rule 12(b)(6) analysis because Plaintiff sued the Plan, the  Plan is central to Plaintiff's claims, and referenced throughout Plaintiff's Complaint. (Dkt. No. 1 at 1, 5–6); *Lone Star Fund*, 594 F.3d at 387 (citation omitted) (A court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.")

6). Because Plaintiff's breach of contract claim arises from Defendants' alleged denial of Plaintiff's benefits under an ERISA Plan, Plaintiff's breach of contract claim is preempted by ERISA.

Similarly, ERISA preempts Plaintiff's FMLA and remaining claims. ERISA's civil enforcement provision provides that a participant or beneficiary of an ERISA-regulated plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). When a remedy for a claim falls within the scope of or is in direct conflict with this civil enforcement section, ERISA completely preempts the claim. *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). When a "claim is based solely on the administration of [a plaintiff's] health benefits . . . [the] claim is expressly preempted by ERISA." *Haynes v. Prudential Health Care*, 313 F.3d 330, 337 (5th Cir. 2002); *see also Baker v. O'Reilly Auto.*, Inc., No. CIV. A. 7:00CV0052R, 2001 WL 123671, at *5 (N.D. Tex. Jan. 16, 2001) ("ERISA preempts claims when they relate to an employee's relationship with the company in her position as beneficiary to a benefit plan.").

Although stated numerous ways throughout his pleading, Plaintiff's chief complaint is that Amazon LLC failed to accommodate his injury and did not provide adequate leave under the TX Care Plan. This allegation falls directly within the scope of

a Section 1132 civil enforcement action. Further, the claim arises solely from Plaintiff's relationship with Amazon LLC as a beneficiary under the TX Care Plan.

Reviewing Plaintiff's Complaint, Plaintiff pleads a number of claims, but not the necessary one—an ERISA claim. Because all of Plaintiff's claims are preempted by ERISA, no matter how they are construed, the Court should dismiss Plaintiff's claims against all Defendants for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

## 2. Amazon HR, Amazon LAD, Amazon TX Care, the Plan, the Plan Administrator, the TX Care Employee, and the Fiduciary Should Be Dismissed as Improper Parties.

Plaintiff lists a number of fictitious entities, a document, and two unidentified individuals as Defendants. For administrative purposes and as improper parties to the lawsuit, the Court should dismiss these Defendants pursuant to Rule 12(b)(6).

First, Plaintiff admits that "Amazon Human Resource Department, Amazon Leave of Absence Department, and Amazon TXCARE Employee Benefit Plan is Amazon, they are all Amazon in which Amazon is responsible and is all of them." (Dkt. No. 26 at 3–4). Defendants agree. Amazon HR, Amazon LAD, and Amazon TX Care are not separate legal entities capable of being sued, but form departments and functions of Amazon LLC. Therefore, the Court should dismiss Amazon HR, Amazon LAD, and Amazon TX Care.

Similarly, Plaintiff claims that "Anchor Risk Management, [t]he Plan Administrator, and the Fiduciary are one in the same." (Dkt. No. 26 at 3). Anchor Risk

Management previously appeared and filed a similar Motion to Dismiss. (Dkt. No. 12). As the Plan Administrator and the Fiduciary are simply the same as Anchor Risk Management, they should be dismissed as duplicated defendants.

Plaintiff also sues the Plan. Yet, Plaintiff pleads no violations of law committed by the Plan—such as, the terms of the Plan violate ERISA. Instead, Plaintiff claims Defendants improperly denied him benefits under the Plan. Without any claim alleged against the Plan, the Plan should be dismissed as a Defendant.

Finally, Plaintiff sues an unidentified TX Care Employee. Defendants assume Plaintiff meant the Plan—titled the TX Care plan. (*See* Dkt. No. 1 at 6) ("Plaintiff is suing . . . the TXCare Employee Benefit Injury Plan."). To the extent Plaintiff is suing an unidentified individual. There are no facts pleaded in the Complaint against the individual and they should be dismissed.

**3. Jeff Bezos, Jay Carney, and Michael Barber Should Be Dismissed Because They Are Not Proper Defendants and Plaintiff Alleges No Claims Against Them.**

Plaintiff also sues Jeff Bezos, Jay Carney, and Michael Barber. The only facts concerning these individuals alleged in the Complaint are that: (1) Jeff Bezos owns Amazon; (2) Jay Carney acts as Senior Vice President of Amazon; and (3) Michael Barber is the Chairman of the Plan Committee. (Dkt. No. 1 at 5). Without explanation, Plaintiff claims these individuals improperly denied Plaintiff's injury claims and breached the terms of the Plan. *Id.* at 5–6. Yet, in the preceding pages, Plaintiff states that other

individuals committed these acts. *See id.* at 2–5. As a result, there is no indication from the facts alleged in the Complaint that Bezos, Carney, or Barber (1) know Plaintiff; (2) have any relevant knowledge of the facts alleged in the Complaint; or (3) participated in any way in Plaintiff's separation from Amazon. Therefore, Plaintiff's allegation that these individuals committed any violation of the law is merely a conclusory allegation. Conclusory allegations are not entitled to the assumption of truth under Rule 12(b)(6) and must be disregarded. *Iqbal*, 556 U.S. at 664. Without the allegation, there is nothing in the Complaint that enables the Court to infer a mere possibility of misconduct by Bezos, Carney, or Barber. *Id. at* 679. Accordingly, the claims against these individuals must be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff may contend that while these individuals did not personally take part in the events giving rise to his claims, they must be held legally responsible as "officers" of "Amazon." The Court should dismiss such an argument because corporate officers are shielded from personal liability unless a legal exception allows a Court to set aside the corporate fiction. *See SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 454 (Tex. 2008); *Willis v. Donnelly*, 199 S.W.3d 262, 271 (Tex. 2006). Plaintiff here cites no evidence of corporate abuse or any theory allowing the Court to pierce the veil of Amazon LLC or Amazon Inc. to hold Bezos, Carney, or Barber personally liable. Without such a theory, the Court must disregard any argument from Plaintiff that the individuals can be held personally liable for Plaintiff's claims.

### B. Plaintiff's Summonses Are Legally Insufficient.

Rules 4(a)(1)(F) and (G) require a summons to be signed by the Court Clerk and to bear the Court's seal. It is Plaintiff's responsibility under Rule 4(b) to present a summons to the Clerk to obtain the signature and seal. Some of Plaintiff's summonses contain no signatures or seals. (Dkt. Nos. 16, 18, 20). Other summonses contain a signature but no seal. (*See* Dkt. Nos. 17, 19, 21–25). Plaintiff admits that the Clerk did not sign or seal the summonses as required by Rule 4. (Dkt. No. 29 at 1–2) ("[T]hat Jerk of a Clerk refused to seal[ ] them properly . . . . The clerk refused to seal[ ] them and stamp and sign[ ] them properly as the Court can see from the proof of services being filed."). Despite Rule 4(b), Plaintiff claims it is not his responsibility to require the Court to sign and seal the summonses. ("Plaintiff filled the summons out properly and that is all I am required to do I am not burden with the responsibility of being confrontational with a clerk who refused to stamp, seal and sign them."). For this reason, Defendants move to dismiss Plaintiff's claims for insufficient service under Rule 12(b)(4). Dismissal is justified based on Plaintiff's flagrant disregard of Rules 4(a), 4(b), and the Court's order to serve Defendants in compliance with Rule 4. (Dkt. No. 7); *Lechner*, 2009 WL 2356142, at *1 (citation omitted) (stating that a flagrant disregard of the rules is a basis for dismissal under Rule 12(b)(4)).

**PRAYER**

For the preceding reasons, Defendants Amazon.com Services LLC, Amazon Human Resources Department, Amazon Leave of Absence Department, Amazon.com, Inc., the Amazon TX Care Employee, Jeff Bezos, Jay Carney, Michael J. Barber, the Injury Benefit Plan, the Plan Administrator, and the Fiduciary respectfully request the Court grant this Motion to Dismiss and dismiss Plaintiff Michel Thomas's claims against Defendants pursuant to Federal Rules of Civil Procedure 12(b)(4) and (6).

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By:  _/s/ Jay M. Wallace_
      Jay M. Wallace, *Attorney-in-Charge*
      State Bar No. 20769200
      Southern District Bar No. 20030
      jwallace@bellnunnally.com
      Alana K. Ackels
      State Bar No. 24066760
      Southern District Bar No. 2127640
      aackels@bellnunnally.com
      Parker A. Burns
      State Bar No. 24091843
      Southern District Bar No. 3727852
      pburns@bellnunnally.com

2323 Ross Ave., Suite 1900
Dallas, TX  75201
Tel: 214/740-1400
Fax: 214/740-1499

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all parties and counsel of record have been served with a copy of the foregoing in compliance with Federal Rule of Civil Procedure 5, as follows:

**<u>Via First Class and Certified Mail</u>**
**<u>Return Receipt Requested # 9414 7266 9904 2191 0598 48</u>**
Michel Thomas
1127 Eldridge Parkway, #300-167
Houston, TX 77077
Tel: 770-225-8917
*Pro Se Plaintiff*


*/s/ Jay M. Wallace*
Jay M. Wallace

6401054_1.docx / 11679.21